UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KULDEEP SINGH, | No. 1:26-cv-01458 TLN CSK |
| Petitioner, | FINDINGS AND RECOMMENDATIONS GRANTING PETITIONER'S WRIT OF HABEAS CORPUS |
| v. | |
| CHRISTOPHER CHESTNUT, Warden Mesa Verde ICE Processing Center, et al., | |
| Respondents. | |

Petitioner Kuldeep Singh, a native and citizen of India who entered the United States on or around April 7, 2023, has filed a verified petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  Petitioner was initially detained by U.S. Customs and Border Protection inside the United States and was released on or around April 7, 2023 on his own recognizance. On October 25, 2025, petitioner reported to the Stockton, California U.S. Immigration and Customs Enforcement ("ICE") Enforcement and Operations office where he was re-detained. This habeas action concerns petitioner's re-detention.  For the reasons that follow, the Court recommends that the petition be granted as to claim one and that petitioner be released.

///

---

[1]  Petitioner paid the filing fee and is proceeding through counsel.  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

1

## I.   FACTUAL BACKGROUND[2]

Petitioner is a citizen and native of India.  (ECF No. 1-3 at 1.)  On or around April 7, 2023, petitioner entered the United States without inspection and was detained by U.S. Customs and Border Protection in Arizona.  (ECF No. 1-3 at 1.)  On or around April 7, 2023, petitioner was released on his own recognizance.  (Id.)  On April 9, 2023, petitioner was issued a Notice to Appear charging petitioner pursuant to Immigration and Nationality Act ("INA") section 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States without being admitted or paroled.  (ECF No. 1-3 at 1.)  In addition, the Notice to Appear does not allege petitioner is an "arriving alien," though the Notice does include a place to designate this information.  (Id.)  On June 30, 2023, petitioner filed a Form I-589, Application for Asylum and for Withholding of Removal.  (Id.)  Petitioner's asylum application remains pending and a merits hearing is scheduled for May 8, 2026.  (ECF No. 1-2 at 3; ECF No. 1-5 at 1.)

On October 25, 2025, petitioner reported to the Stockton ICE Office where he was taken into custody.[3]  (ECF No. 1-4 at 5.)  Petitioner has no criminal history.  (ECF No. 1-2 at 1, 3.)  Petitioner did not receive a bond hearing before or after his re-detention.  (Id.)  Petitioner has been detained since October 25, 2025.  (Id.)

## II.   PROCEDURAL BACKGROUND

On February 19, 2026, petitioner filed his petition for writ of habeas corpus.  (ECF No. 1.)  On February 19, 2026, respondents filed an answer to the petition.  (ECF No. 5.)  In the answer, respondents address the petition's claims and a motion for a preliminary injunction.  (Id.)  Because petitioner did not file a motion for a preliminary injunction, this Court does not address the legal standards for injunctive relief in these findings and recommendations.  (See Docket.)  On February 26, 2026, petitioner filed a reply to the answer.  (ECF No. 9.)

---

[2]  Petitioner filed a verified habeas petition.  (ECF No. 1-2 at 5-6.)  A court "may treat the allegations of a verified . . . petition [for writ of habeas corpus] as an affidavit."  L. v. Lamarque, 351 F.3d 919, 924 (9th Cir. 2003) (citing McElyea v. Babbitt, 833 F.2d 196, 197-98 (9th Cir. 1987)).  Respondents do not contest petitioner's factual allegations.  (See ECF No. 5.)

[3]  Though the I-213 document refers to Alternatives to Detention violations (ECF No. 1-4 at 5), respondents do not contend that petitioner was detained based on any violations of his release (see ECF No. 5).

### III.    LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001).  A district court's habeas jurisdiction includes challenges to immigration detention.  See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

### IV.    DISCUSSION

Generally, noncitizens are subject to civil immigration detention only if the noncitizen presents a risk of flight or danger to the community.  See Zadvydas, 533 U.S. at 690 (holding that 8 U.S.C. § 1231(a)(6) does not authorize indefinite detention).  Petitioner challenges his continued detention based on the violation of the following: (1) the Immigration and Nationality Act; and (2) the Fifth Amendment due process clause.  (ECF No. 1-2 at 3-5.[4])  Respondents do not argue that petitioner is a flight risk or a danger to the community and instead argue that petitioner's detention is mandatory under 8 U.S.C. § 1225(b)(2), and he is ineligible for a bond hearing.  (ECF No. 5 at 2-3.)  Respondents cite Buenrostro-Mendez v. Bondi, 2026 WL 323330 (5th Cir. Feb. 6, 2026), in support of their position that § 1225(b)(2) is applicable here.  (Id. at 2.)  In the alternative, respondents request that the Court stay this matter pending resolution of Rodriguez v. Bostock, 779 F. Supp. 3d 1239 (W.D. Wash.), appeal no. 25-6842 (9th Cir. 2025) and Carballo v. Andrews, 2025 WL 2381464 (E.D. Cal. Aug. 15, 2025), appeal no. 25-cv-6533

---

[4]   The petition consists of a form petition and a memorandum petition.  (See ECF Nos. 1, 1-2.) The form petition has a third ground for "Pre-removal order mandatory detention in violation of the U.S. Constitution."  (ECF No. 1 at 7.)  Where the memorandum petition presents two claims, a statutory claim and a due process claim (ECF No. 1-2 at 3-5), the Court construes the petition as raising two claims.

(9th Cir. 2025).  (Id. at 3.)

### A.    Statutory Claim (Claim One)

The issue here is whether petitioner, who has no criminal record and has lived in the United States since April 2023, is subject to discretionary release under § 1226(a), or whether, petitioner is now subject to mandatory detention under § 1225(b)(2), as respondents argue. 8 U.S.C. § 1225(b)(2) mandates detention during removal proceedings for applicants "seeking admission" and does not provide for a bond hearing.  8 U.S.C. § 1226(a) "provides the general process for arresting and detaining [noncitizens] who are present in the United States and eligible for removal."  Rodriguez Diaz v. Garland, 53 F.4th 1189, 1196 (9th Cir. 2022).  Under Section 1226(a), the Government has broad discretion whether to release or detain the individual.  See id. Section 1226(a) provides several layers of review for an initial custody determination and it confers "an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change."  Id. at 1202.  Respondents contend § 1225(b)(2) applies because petitioner is an "applicant for admission" and therefore subject to mandatory detention. (ECF No. 5 at 2, 3.)

The Court concludes that § 1226 applies to petitioner because petitioner was previously released on his own recognizance into the United States in April 2023.  (ECF No. 1-4 at 6.) Respondents do not dispute this fact.  (See ECF No. 5.)  Nor do respondents contend that petitioner is a flight risk or a danger.  (See id.)  This Court agrees with and joins the majority of courts nationwide, including the Eastern District of California, in rejecting respondent's new interpretation[5] of Sections 1225 and 1226.  See Rodriguez Vazquez v. Bostock, 2025 WL 2782499, at *1, 21-22 (W.D. Wash. Sept. 30, 2025) (concluding, after a thorough analysis, that "the government's [interpretation of § 1225] belies the statutory text of the [Immigration and Nationality Act], canons of statutory interpretation, legislative history, and longstanding agency

---

[5]  Until DHS changed its policy in July 2025, the Government consistently applied Section 1226(a), not Section 1225(b)(2), to noncitizens residing in the United States who were detained by immigration authorities and subject to removal.  See Rodriguez Diaz, 53 F.4th at 1196.

practice"); J.Y.L.C. v. Bostock, 2025 WL 3169865, at *2 (D. Or. Nov. 12, 2025) (collecting more than thirty cases rejecting the government's assertion that § 1225 empowers DHS to arrest and hold a noncitizen present without legal status who has spent years in the U.S.); Cardona-Lozano v Noem, 2025 WL 3218244, at *6 (W.D. Tex. Nov. 14, 2025) ("Repeatedly, [district courts across the country] have found that DHS and the [Board of Immigration Appeals']  construction of the [Immigration and Nationality Act] is incorrect and that petitioners who have long resided in the United States but are being held under § 1225 are entitled to relief.") (collecting cases)); Faizyan v. Casey, 2025 WL 3208844, at *5 (S.D. Cal. Nov. 17, 2025) (holding that § 1226 applies to a petitioner who "DHS has consistently treated" as subject to discretionary detention and "who has been residing in the United States for two years" (internal quotation marks and citation omitted)); Josue I.C.A. v. Lyons, 2025 WL 3496432, at 3 n.6 (E.D. Cal. Dec. 5, 2025) (collecting cases); Morales-Flores v. Lyons, 2025 WL 3552841, at *3 (E.D. Cal. Dec. 11, 2025) (collecting cases) ("Courts nationwide, including this one, have overwhelmingly rejected respondents' arguments and found DHS's new policy unlawful.").

"These courts examined the text, structure, agency application, and legislative history of 1225(b)(2) and concluded that it applies only to noncitizens 'seeking admission,' a category that does not include noncitizens like [petitioner], living in the interior of the country." Salcedo Aceros v. Kaiser, 2025 WL 2637503, at *8 (N.D. Cal. Sept. 12, 2025) (collecting cases).  By contrast, "[t]he government's proposed reading of the statute (1) disregards the plain meaning of section 1225(b)(2)(A); (2) disregards the relationship between sections 1225 and 1226; (3) would render a recent amendment to section 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice."  Guerro Lepe v. Andrews, 2025 WL 2716910, at *4 (E.D. Cal. Sept. 23, 2025) (collecting cases).  This Court incorporates and adopts the thorough and persuasive reasoning of the district court in Lepe, 2025 WL 2716910, at *3-9.

Further, respondents' reliance on Buenrostro-Mendez, 2026 WL 323330, is unavailing.  In Buenrostro-Mendez, the Fifth Circuit recently agreed with respondents' interpretation of § 1225(b)(2).  This Court agrees with the district court in Gurvinder Singh v. Chestnut, 2026 WL 413839 (E.D. Cal. Feb. 14, 2026):

5

> Two courts of appeal have addressed whether 8 U.S.C. § 1225(b)(2)(A) applies to noncitizens who have lived in the United States for years without having been admitted. See Castañon-Nava v. U.S. Dep't of Homeland Sec., 161 F.4th 1048, 1060-62 (7th Cir. 2025) (concluding that government was not likely to prevail on the merits that petitioner was subject to mandatory detention under § 1225(b)(2)(A)); Buenrostro-Mendez v. Bondi, --- F.4th ---, Nos. 25-20496, 25-40701, 2026 WL 323330 (5th Cir. Feb. 6, 2026) (finding petitioners were subject to mandatory detention under § 1225(b)(2)(A)). Respondents cite to the Buenrostro-Mendez decision. Doc. 9 at 1. The Court finds the analysis in Castañon-Nava and in the dissent in Buenrostro-Mendez to be more persuasive on the statutory interpretation issue. In any event, the Buenrostro-Mendez decision did not address the due process claim at issue in the present case."

Gurvinder Singh, 2026 WL 413839, at *1 n.1. This Court does not find Buenrostro-Mendez to be persuasive for the reasons provided above. See also Singh v. Baltazar, 2026 WL 352870, at *3-6 (D. Colo. Feb. 9, 2026) (rejecting the Buenrostro majority in its interpretation of § 1225 as nonbinding and highlighting the Seventh Circuit Court of Appeals' disagreement with the Buenrostro majority) (citing Castanon-Nava v. U.S. Dep't of Homeland Sec., 161 F.4th 1048, 1052 (7th Cir. 2025)); Tomas Nicolas v. Warden, 2026 WL 364399, at *3 n.3 (S.D. Ind. Feb. 10, 2026) (disagreeing with Buenrostro majority and declining to follow); Chachipanta Cando v. Bondi, 2026 WL 357551, at *5 n.6 (D. Neb. Feb. 9, 2026) (same); Aroca v. Mason, 2026 WL 357872, at *15 n.40 (S.D. W.Va. Feb. 9, 2026) (same).

Following the majority of courts, this Court also rejects the government's new interpretation of 8 U.S.C. § 1225(b)(2) and their contention that petitioner is an "applicant for admission" subject to § 1225(b)(2). This Court finds that petitioner is detained under 8 U.S.C. § 1226(a) and its implementing regulations because petitioner was released on his own recognizance into the country, he has resided in this country for 2.5 years without incident since his release in April 2023, and petitioner's October 2025 arrest and re-detention were not upon his arrival to the United States. As such, petitioner should have been provided a bond hearing before his re-detention and is entitled to relief on his statutory claim.

## B.    Due Process Claim (Claim Two)

Citing Zadvydas, 533 U.S. at 690-93, petitioner argues that his prolonged detention without an individualized custody hearing violates due process. (ECF No. 1-2 at 4-5.) Petitioner

6

argues that his detention is already prolonged and is expected to continue for many additional months. (Id. at 4.) Because petitioner's statutory claim provides adequate relief, this Court declines to address petitioner's constitutional claim.

### C.    Respondents' Stay Request

Respondents alternatively request that this action be stayed pending the Ninth Circuit's resolution of the appeal of Rodriguez v. Bostock, 779 F. Supp. 3d 1239 (W.D. Wash. 2025), Ninth Cir. Appeal No. 25-6842, and Carballo v. Andrews, 2025 WL 2381464 (E.D. Cal. Aug. 15, 2025), Ninth Cir. Appeal No. 25-6533. (ECF No. 5 at 3-4.) Carballo involved an immigration detainee detained pursuant to 8 U.S.C. § 1226(c) for having committed certain criminal offenses. See 2025 WL 2381464, at *3. Therefore, the decision in Carballo is not applicable to the instant action. In Rodriguez, the district court held that 8 U.S.C. § 1225(b) does not apply to noncitizens who are already present in the United States and who were previously released. See Rodriguez, 779 F. Supp. 3d at 1258-61. This Court recommends that respondents' request to stay this action be denied because a stay is not in the interests of petitioner, who has been detained since October 25, 2025, and because a stay would not promote the efficient use of scarce judicial resources in a district with some of the highest caseloads in the country. A stay would put a further strain on limited judicial resources.

### D.    Respondents' Request Regarding Equitable Remedy

In the answer, respondents request that the Court order the following language should the Court grant a preliminary injunction:

> Respondents are not enjoined and restrained from detaining Petitioner in the event that the immigration court issues a final order of removal and the Petitioner receives notice of this order. In such event, Respondents may detain Petitioner for the sole and limited purpose of executing removal pursuant to the final order of removal.

(ECF No. 5 at 4.)

Because no final order of removal has been issued and what action the government may take if a final order of removal is issued is not before the Court, respondents' request for the language set forth above should be denied.

///

7

## V.    CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  The petition for writ of habeas corpus (ECF No. 1) be GRANTED as to claim one.

2.  Respondents be ordered to IMMEDIATELY release petitioner Kuldeep Singh and be ordered to provide petitioner with a copy of the release order at or near the time of release.  If respondents have custody of petitioner's documents (e.g., identification, passport, work permit, Social Security card, etc.), respondents shall return those to petitioner at the time of release.

3.  Respondents be ENJOINED AND RESTRAINED from re-detaining petitioner unless the government demonstrates, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.

4.  The parties be directed to file, within **seven days** of the adoption of these findings and recommendations, a joint status report addressing petitioner's status.

5.  The Clerk of the Court be directed to enter judgment in favor of petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within **seven** days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 5, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Sing1458.157.imm/2

8